UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIGI JORDAN,<br>#7011000006,<br>Rose M. Singer Center (RMSC)<br>19-19 Hazen Street<br>East Elmhurst, NY 11370,<br><br>      PLAINTIFF<br>  vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>      DEFENDANT | Judge _____<br>Civil Action No. _____ |

## **COMPLAINT**

### THE PARTIES

1. Plaintiff Gigi Jordan is currently incarcerated at Rikers Island and is awaiting trial.

2. Defendant Department of Justice (DOJ) is an agency of the United States.

3. The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of the records Plaintiff seeks.

### JURISDICTION AND VENUE

4. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

5. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

6.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

7.      On or about the dates spanning March 27, 2008 and March 31, 2008, Plaintiff contacted a special state task force in Wyoming that specializes in investigating and prosecuting child pornography

8.      Plaintiff's son, who was 6 at the time, had revealed that he had been molested and that pictures and video had been taken of him in some instances when this occurred.

9.      Plaintiff learned of a MySpace page posted by his former nanny that had bizarre and disturbing images of young children who appeared naked and frightened trying to cover their genitals.

10.     Plaintiff was told that the state task force had referred the matter to two FBI agents who remained unnamed.

11.     Plaintiff believes, but is not certain, that they said the FBI agents were in Denver.

12.     Information was provided to the police, and later to Plaintiff, through individuals involved in medical and psychiatric evaluations related to determining whether and to what extent her son had been abused, that FBI agents had contacted them, confirming that the information they had provided related to "internet porn" was in fact true and the investigation into this was ongoing.

13.     Since that time, Plaintiff has been trying to obtain information about the investigation, but without success.

14. On July 8, 2014, Plaintiff sent a FOIA/PA request to the FBI requesting records about her or her son. The request sought expedited processing.

15. According to FedEx records, the FBI received Plaintiff's FOIA request on July 9, 2014.

16. Plaintiff is currently awaiting trial in New York Supreme Court on a charge of Murder in the second degree related to the death of her son.

17. The maximum sentence is life in prison.

18. A criminal jury trial is set to being September 3, 2014 in New York Supreme Court.

19. The subject matter of Plaintiff's FOIA/PA request includes information that would aid her defense as evidence evincing an investigation into the abuse of her son and/or child pornography related to her reports of child abuse and possible sexual exploitation in internet pornography.

20. The requested records are likely to contain information that would support the objective reasonableness of her belief in his reports of sexual abuse, and in part, the effect on her state of mind when threats were made against her and her son's life.

21. Plaintiff has not been able to receive the information in criminal discovery so far.

## FBI'S FAILURE TO RESPOND TO PLAINTIFF'S FOIA/PA REQUEST

22. Pursuant to 5 USC § 552(a)(6)(E)(ii), the FBI's response to Plaintiff's request for expedited processing was due ten calendar days after the FBI received it on July 9, 2014, which would have been July 19, 2014.

23. As of the filing of this Complaint, Plaintiff has not received a response to her FOIA/PA request with a determination as to whether the FBI will grant expedited processing.

24. Plaintiff is deemed to have exhausted her administrative remedies with regard to her FOIA/PA request because the FBI has failed to comply with the statutory time limit.

## COUNT I:
## VIOLATION OF FOIA/PA

25. This Count realleges and incorporates by reference all of the preceding paragraphs.

26. Each of the documents referred to in this Complaint is incorporated herein by reference.

27. Defendant has violated FOIA by failing to grant Plaintiff's request for expedited processing within the time limit prescribed by the statute.

28. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's request for expedited processing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Declare that Plaintiff is entitled to expedited processing of her FOIA/PA request;

(3) Order the Defendant to process Plaintiff's FOIA/PA request on an expedited basis;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

\_\_/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*